AUGUST TERM,
1841.

Thornton
v.
Smith and
Crowther.

THORNTON v. SMITH AND CROWTHER.

A. cannot sue B. either at law or in equity, on a bond made by the latter to C. to pay A. a certain sum of money, for which the obligor has received no consideration.

Appeal from the Circuit Court of Cooper county.

*Hayden & Miller for Appellants.*

The counsel for appellant will insist, that the circuit court erred in the decree rendered in this cause, and that said court should have made a decree against said Smith for the payment of complainants debt against Crowther.

1st. The statute of frauds requires every declaration or creation of trust of any lands, tenements, &c., to be reduced to writing, and signed by the party declaring such trust, except resulting trusts, and trusts by implication of law. See Roberts on Trusts, page 91; *Revised Code,* 1836, Frauds.

2d. When the trust is declared, it vests absolutely, and passes immediately the legal estate in the trustee, and the equitable estate in the *cistui qui* trust, and chancery will compel the execution. 4 Kent, 302 and 303; 2 J. C. 307.

3d. The trustee cannot alter, change, impair, or destroy the vested interest of the *cestui qui* trust. 4 Kent, 311; 4 J. C. R., 138.

4th. A trust is good and binding for payment of debts, though the creditors are not parties to the trust deed.— Cases in Chancery, Leech v. Leech, p. 249.

5th. It is immaterial whether a trust created for an individual, and the better security of his debt, was known to him for whose benefit it was made at the time of its creation, when it comes to his knowledge he may enforce performance of it in chancery. See 4 Kent, 307, Moses v. Murgatroyd, 1 John. C. R., 129; Nelson v. Blight, 1 John. Cases, 205; Shepherd v. McEvans, 4 J. C. R., 138.

6th. A trust cannot be revoked by the person declaring the trust, except the *power* is expressly reserved in the trust deed, and that revocation must be by an act of equal solem-

nity with that which created the trust. See Fonblanque, p.
454; 7 J. C. R., 272.

7th. The intentions of the party declaring the trust are evidenced alone by the trust deed. Parol evidence is inadmissible to alter, vary, or modify the trust there declared. No collateral or parol declarations can be admitted to prove other and additional or different trusts than those contained in the deed, except in cases of fraud and circumvention. See St. John v. Benedict, 6 John. C. R., 111; Steen v. Steen, 5 J. C. R., p. 1; Jackson v. Stanley, 10 John. C. R., 139; Jackson v. Gaer, 13 J. C. R., 518; Roberts on Frauds, 94; Sugden on Vendors, 414, 415; 4 Kent, 310.

8. A trustee who once accepts the trust and acts under it, cannot afterwards divest himself of the trust, except by the consent of the *cestui qui* trust, or authority of the court. See 4 Kent, 311; Shepherd v. McEvans, 136, 4 J. C. R.

9th. In this case there was an express understanding by Smith, by deed, to pay off these debts of Crowther, and as it was a contract under seal and covenant to pay Thornton and others, they could not sue at law, but they must resort to a court of chancery, which will enforce the execution of the trust. See 1 Chitty, page 2; See Fonb. top paging, 460, and note (b.)

### *Wilson for Appellees.*

1st. That the bond and deed being made at one and the same time, between the same parties, in relation to the same subject matter, (though on different pieces of paper,) are to all intents and purposes one and the same instrument, which instrument is nothing more nor less than a deed of trust making defendant trustee to secure the debts of Crowther therein provided for. Stow v. Tift, 15 J. R., 458 and 205, and authorities there cited. No particular form of words is requisite to create a deed of trust. The intent is what the courts look to. Fisher v. Fidds, 10 J. R. 505: 2 Fonb. 36.

2d. A trustee is not chargeable with more than he has received, without fraud, or gross negligence. 2 J. C. R. 1.

3d. The complainant has no right to have a decree set

AUGUST TERM, 1841.

Thornton
v.
Smith and
Crowther.

aside, which is made in conformity with the prayer of the bill, which for ought appears to this court, will, when carried into effect, fully discharge complainant's debt sought to be recovered, unless he chooses to use as evidence the allegations of the defendant in his answer, that the property conveyed in trust has since depreciated in value so as to be insufficient for that purpose, which is denied by complainants replication, and of which there is no proof. But admit the fact so to be, equity will not enforce a contract where from a material change of circumstances since the contract, the performance would be attended with peculiar hardship to defendant. 1 Fonb. 48 and 118; 4 Littel. Reps. 398.

4th. The trust created by Smith and Crowther is evidently for the benefit of Compt, (although done without his knowledge,) which he affirms by praying in his bill for a sale of the same, and thus endeavors to enforce the same, which he has a right to do. 1 J. C. R., 119; 3 J. C. R., 229 and 261, and 4 J. C. R., 136.

*Opinion of the Court by Tompkins, Judge.*

Thornton filed his bill of complaint in the circuit court of Cooper county against the appellees, and being dissatified with the decree of that court appealed to this court.

In the bill he states that Crowther had executed his note to him for the sum of two hundred and twenty dollars, which being lost, he could not correctly set it out, but that it had become due long before the bill was filed. And that Crowther, being so indebted, on or about the 24th June, 1837, together with his wife, made a mortgage, or deed of trust, whereby was conveyed to one David Smith, of said county of Cooper, the east half a lot in the town of Boonville, to pay to the complainant the sum of two hundred and twenty dollars above mentioned ; and that on the same day Smith executed to Crowther his own bond, by which Smith bound himself to Crowther, among other things, to pay the complainant the said sum of two hundred and twenty dollars, and prays that he may be decreed to pay the same.

The deed of trust was made on exhibit. It was made to secure the following sums of money to the persons herein after named, viz.

| To David Smith, the sum of | $320 |
|---|---|
| James Fryer, " | 300 |
| John T. Thornton, | 220 |
| John V. Webb, " | 380 |
| Jonathan Bullock, | 100 |
| Moses Chaney, " | 100 |

Smith made to Crowther a bond by which he bound himself to pay the above mentioned notes in consideration of being secured by the above mentioned deed of trust, and to wait with Crowther twelve months, to be reimbursed with interest, to be paid by Crowther to Smith.

Smith, in his answer admits the allegations in the bill, but states that the property conveyed to him will not produce enough to satisfy the several sums of money above mentioned, and that since the execution of the writing aforesaid, said Crowther had become insolvent, and that if he should advance to the creditors of said Crowther the several amounts due them, Crowther would be unable to repay him, and declares his willingness to sell the property and divide the proceeds pro rata among the several creditors, after deducting necessary expenses, &c.

The circuit court dismissed the bill as to Crowther, and decreed that the property should be sold and the proceeds, after deducting costs, &c. to be divided pro rata among the several creditors, to secure whom it was conveyed.

It is not necessary to decide in this case, whether, if Crowther himself had sued on the bond given to him by Smith, he could have recovered more than the worth of the property, either at law or equity, for it is certain that by making that bond to Crowther, he has incurred no liability to the complainant, and the other creditors enumerated in the deed of trust, for neither at law nor equity can A. sue on a promise made by C. to B., to pay A. any sum of money, for which the obligor has received no consideration. The circuit court has in my opinion committed no error, and its judgment is therefore affirmed.

A. cannot sue B., either at law or in equity, on a bond made by the latter to C. to pay A. a certain sum of money, for which the obligor has received no consideration.